FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JUL 28  AM 8: 56



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 69952-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SAMANTHA JEAN PIERCE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 28, 2014 |
| | ) | |

LAU, J. — Samantha Pierce appeals her conviction of first degree theft, challenging the admission of (1) an exhibit summarizing thousands of financial transactions in addition to the charged conduct and (2) the victim's videotaped deposition. Because Pierce fails to establish any abuse of discretion, we affirm.

In the summer of 2005, 89-year-old G. John Doces hired Samantha Pierce as a live-in care provider and later as a personal assistant for himself and his wife Sophia. After Sophia died in February 2007, Pierce continued as Doces's personal assistant. In September 2007, Doces opened a joint bank account and credit card account with Pierce. Doces's family members became increasingly concerned about Pierce's access to and use of his accounts. On June 11, 2009, the family members obtained a vulnerable adult protection order against Pierce and reported her activities to the police.

The State charged Pierce with one count of first degree theft based on a series of transactions occurring between September 25, 2007 and June 11, 2009. The State also alleged two aggravating factors: (1) Pierce knew or should have known that Doces was particularly vulnerable or incapable of resistance and that vulnerability was a substantial factor in the commission of the offense and (2) Pierce used her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the offense.

Prior to trial, the State indicated an intention to introduce summaries of bank records that included thousands of transactions in addition to the 273 transactions making up the criminal offense. Pierce moved to exclude the summaries as more prejudicial than probative, cumulative of witness testimony, and confusing. The State argued that the additional financial transactions were relevant as res gestae and to show opportunity, intent, and plan. The court denied her motion to exclude the evidence but invited Pierce to propose a limiting instruction.

At a pretrial hearing, the court also determined that Doces, now 96 years old, was incompetent to testify. The State sought to introduce a videotaped deposition of Doces from October 2011. Pierce objected, arguing that Doces was not competent at the time of the deposition and that he lacked personal knowledge of the events to which he testified in the deposition. After viewing the deposition, the court ruled that it was admissible.

At trial, the State presented the testimony of financial analyst Rebecca Tyrell, who testified at length about her review of over 3,000 pages of bank records. Tyrell showed a series of slides to the jury summarizing the extent and types of accounts Doces held between 2003 and 2009. Tyrell traced changes in spending habits from the

various accounts over time and compared average spending in various categories before Doces hired Pierce, after Pierce began working in the Doces household, and after Pierce became a signer on certain accounts. Tyrell displayed examples of checks written and items purchased during the different time frames. Tyrell also described sources of funds and various transfers between accounts. In her testimony, Tyrell described the organization of exhibit 93, three binders containing the records of the 273 transactions forming the basis of the criminal charges. Tyrell also described exhibit 94, a notebook containing the spread sheets she created showing every transaction for each bank and credit card account over specified time periods. The trial court admitted exhibit 94 into evidence and allowed the State to publish it to the jury.

The trial court instructed the jury:

> The State's charges allege only those transactions that are included in State's Exhibit #93.
> Other transaction evidence, not included in State's Exhibit #93, has been admitted in this case for the limited purpose of considering the defendant's opportunity, intent, and plan. You may not consider it for any other purpose.
> This evidence of other transactions that are not part of the State's charges, and are not included in State's exhibit #93. Any discussion of this evidence during your deliberations must be consistent with this limitation.

The State also presented Doces's videotaped deposition for the jury as exhibit 97. The jury found Pierce guilty of first degree theft. Pierce appeals.

## ANALYSIS

Pierce first contends that the trial court erred by admitting exhibit 94 because it was unduly prejudicial under ER 403. As below, Pierce argues that exhibit 94 was cumulative to Tyrell's testimony, overwhelming in volume, and likely to confuse and distract the jurors.

We will not reverse the trial court's decision as to the admissibility of evidence absent an abuse of discretion, "which 'occurs only when no reasonable person would take the view adopted by the trial court.'" State v. Atsbeha, 142 Wn.2d 904, 914, 16 P.3d 626 (2001) (quoting State v. Ellis, 136 Wn.2d 498, 504, 963 P.2d 843 (1998)). Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." ER 403. Unfair prejudice "means an undue tendency to suggest a decision on an improper basis—commonly an emotional one." State v. Cronin, 142 Wn.2d 568, 584, 14 P.3d 752 (2000).

The record reveals that the trial court carefully considered Pierce's arguments and reviewed all the financial transaction summaries as well as the case law identified by the parties. The court also carefully described its reasoning in a thorough oral ruling. The court specifically determined that the summaries in exhibit 94 would assist the jury in its consideration of Tyrell's testimony. Pierce does not challenge the admissibility of Tyrell's testimony or its relevance to establish Pierce's role in the household accounts. And the court minimized any potential for distraction and confusion by giving a proper limiting instruction. Jurors are presumed to follow the court's instructions. State v. Ervin, 158 Wn.2d 746, 756, 147 P.3d 567 (2006). Pierce fails to establish any abuse of discretion.

Pierce also claims the trial court abused its discretion by admitting Doces's deposition, claiming that his testimony was not based on personal knowledge, in violation of ER 602. In particular, Pierce identifies several incidents that Doces said he

did not recall, such as how he met Pierce, how long she worked for him, how much he paid her, whether he had a joint account with her, whether he shopped at Eddie Bauer or other specific stores, or whether he remembered spending $17,000 at Eddie Bauer during the charging period.

A witness must testify based on personal knowledge. ER 602. The trial court has broad discretion when evaluating a witness's personal knowledge, and such "testimony should be excluded only if, as a matter of law, no trier of fact could reasonably find that the witness had firsthand knowledge." State v. Vaughn, 101 Wn.2d 604, 611-12, 682 P.2d 878 (1984).

The record is clear that Doces was present and participated in hiring Pierce, agreeing to her duties and pay, and opening a joint account with her. Although Doces did not have clear memories of all the details, as the trial court observed, he could identify Pierce, knew that she worked for him, and was aware of the duties she performed for him. And as the State points out, given Pierce's claim that Doces authorized and approved all her transactions, Doces's lack of personal knowledge of certain transactions was itself probative evidence. Pierce fails to demonstrate any abuse of discretion in the admission of the videotaped deposition.

Affirmed.

WE CONCUR:

Trickey, J.

Cox, J.

-5-